IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:21-cv-03456-SKC-RMR

DANIEL DALE,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Insurance Company,

    Defendant.

___

**ORDER**
___

This matter is before the Court on Defendant's Motion for Summary Judgment, ECF 44. The matter is fully briefed and ripe for review. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons that follow, Defendant's Motion is DENIED.

## I.    BACKGROUND[1]

This is an insurance dispute between Plaintiff Daniel Dale and Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Plaintiff seeks UIM benefits under an insurance policy issued by State Farm.

Plaintiff was injured in a car accident with an underinsured motorist on March 13, 2018. On March 28, 2018, State Farm sent an acknowledgement letter to Plaintiff advising him that he was required to obtain State Farm's consent to settle. Without instructions,

---

[1] The following facts are undisputed unless otherwise stated.

the correspondence included a Medical Provider Summary Sheet, Authorization for Release of Information, and return envelope. The terms of Plaintiff's insurance policy impose a duty on Plaintiff to cooperate with State Farm and to provide State Farm with a signed medical authorization. It is undisputed that between March 28, 2018, and September 5, 2019, Plaintiff did not provide State Farm with a medical authorization or medical provider summary.

On September 5, 2019, Plaintiff's counsel notified State Farm of his representation of Plaintiff and asked that State Farm consent to settlement with the liability insurer for the policy limits of $50,000. Plaintiff's counsel also indicated that he would send an initial packet of information that would include Plaintiff's demand letter to Travelers (the liability insurer), the traffic accident report, photographs of the accident, medical treatment records to date and medical billing records to date. According to Plaintiff, Plaintiff's counsel sent State Farm a Google Dropbox link containing the specified information that same day.[2]  *See* ECF 38 at 4. State Farm does not appear to dispute that Plaintiff's counsel sent the foregoing communication, but maintains that it "never received any Dropbox documents from Plaintiff because it does not have the ability to receive and process documents from a Dropbox link." *Id*. The record does not indicate whether State Farm ever acknowledged that it had received the September 5 communication from Plaintiff's counsel containing the Google Dropbox link or informed Plaintiff that it was unable to access the information provided therein.

---

[2] The Court notes its concern that Defendant failed to acknowledge this purported transmission in its Motion, despite the prior inclusion of facts related to the Google Dropbox link in the parties' joint statement of undisputed facts submitted pursuant to the Court's Standing Order Regarding Rule 56 Motions (*see* ECF 38 at 4, 6–7, 9)—not to mention the fact that this specific allegation was a central topic of discussion at the conference held on April 25, 2023, regarding Defendant's notice of intent to file a motion for summary judgment. The omission of such facts here is at best incomplete and at worst misleading, and serves only to undermine counsel's credibility.

On September 10, 2019, State Farm consented to Plaintiff's settlement with the liability insurer and, for the fourth time, asked Plaintiff to complete a Provider Summary Sheet and Authorization for Release of Information to allow State Farm to request medical records and bills from his medical providers. On or about September 11, 2019, Plaintiff settled his claim against the other motorist for the bodily injury liability policy limits of $50,000. On September 11, 2019, Plaintiff's counsel sent an email to State Farm with an Authorization for Release of Information signed by Plaintiff and a Medical Provider/Employer Information sheet. The Medical Provider/Employer Information sheet listed Plaintiff's primary care provider and references to Plaintiff's "11/28 demand ltr, w/ medical records." ECF 45-1 at 24.

On October 16, 2019, State Farm advised Plaintiff's counsel that his September 11, 2019, email did not include a list of medical providers and, therefore, State Farm asked that Plaintiff provide an updated Medical Provider Listing. Plaintiff apparently did not respond to this communication. State Farm subsequently sent multiple requests for a status update regarding Plaintiff's claim between December 2019 and June 2020, to which Plaintiff likewise did not respond. On August 7, 2020, State Farm advised Plaintiff's counsel that due to his failure to provide it with status updates, injury forms, or medical records/bills to support Plaintiff's claim for UIM benefits, the claim would be placed on inactive status. It is undisputed that Plaintiff did not respond to State Farm or provide any additional information regarding his claim until at least February 2021.[3]

---

[3] Plaintiff alleges that he contacted State Farm through counsel on February 3 and 11, 2021, regarding the status of the claim and requested updated contact information, including the email address for the claims adjuster. ECF 38 at 9.

On September 3, 2021, Plaintiff's counsel notified State Farm that Plaintiff was still having complaints and that counsel was finalizing a demand letter to submit by the end of the month. Plaintiff filed this lawsuit in Adams County District Court on September 11, 2021. State Farm removed the action to this Court on December 27, 2021. Plaintiff has raised claims for breach of contract, bad faith, and undue delay and denial of insurance benefits under Colo. Rev. Stat. § 10-3-1116. *See* ECF No. 13. Defendant seeks summary judgment on all causes of action.

## II.     LEGAL STANDARD

To succeed on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine dispute of material fact; and (2) the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When analyzing a motion for summary judgment, the court must look at the factual record and the reasonable inferences to be drawn from the record in the light most favorable to the non-moving party." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). However, the nonmoving party may not simply rest upon its pleadings at this stage; rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a

verdict for that party. If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249.

### III. ANALYSIS

A federal court sitting in diversity applies the substantive law of the forum state. *Bass Tr. Of Andy Bass Fam. Tr. v. Tour 18 of Rose Creek, LP*, 795 F. App'x 613, 619 (10th Cir. 2020). Both parties agree that Colorado law applies here.

### A. Breach of Contract

To prove breach of contract, Plaintiff must show: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant, and (4) resulting damages to the plaintiff." *TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1197 (D. Colo. 2018). State Farm argues that the undisputed facts show that Plaintiff failed to cooperate as required by the Policy, thus precluding Plaintiff's breach of contract claim.

Under Colorado law, an insured may forfeit the right to recover under an insurance policy if he or she fails to cooperate in violation of a policy provision. *Walker v. State Farm Fire & Cas. Co.*, No. 16-CV-00118-PAB-STV, 2017 WL 1386341, at *3 (D. Colo. Feb. 23, 2017), *report and recommendation adopted*, No. 16-CV-00118-PAB-STV, 2017 WL 1386346 (D. Colo. Mar. 17, 2017). The failure to cooperate is a breach of an insurance contract only if the insurer suffers a material and substantial disadvantage, however. *Hall v. Allstate Fire & Cas. Ins. Co.*, No. 1:19-CV-02604-DDD-NYW, 2021 WL 119344, at *3 (D. Colo. Jan. 12, 2021), *aff'd*, 20 F.4th 1319 (10th Cir. 2021) (citing *Ahmadi v. Allstate Ins. Co.*, 22 P.3d 76, 79 (Colo. App. 2001)). The insurer bears the burden to prove failure

to cooperate. *Soicher v. State Farm Mut. Auto. Ins. Co.*, 351 P.3d 559, 564 (Colo. App. 2015). State Farm has not done so here.

As an initial matter, it appears that any failure-to-cooperate defense is barred by Colo. Rev. Stat. § 10-3-1118, which requires an insurer to satisfy specific requirements before asserting an insured's failure to cooperate as a defense to a claim for benefits in "litigation that occurs on or after" September 13, 2020. Among other things, the insurer must send a written request for the information or action they want from an insured and give the insured 60 days to respond to its request. C.R.S. § 10-3-1118(1)(a), (c). If an insured does not respond to the request, or if an insurer is not satisfied with the response, the insurer may then send its insured a written notice alleging a failure to cooperate. The notice must be sent within 60 days of the alleged failure to cooperate and must (1) be in writing, (2) describe with particularity the alleged failure to cooperate, and (3) allow the insured 60 days from receipt of the notice to cure the alleged failure. C.R.S. § 10-3-1118(1)(e). State Farm offers no argument to suggest that this statute is inapplicable here or that it otherwise satisfied the notice and cure requirements delineated therein.[4] Accordingly, it appears that State Farm is foreclosed from raising Plaintiff's alleged failure to cooperate as a defense in this case.

Even assuming that § 10-3-1118 does not apply here, the record does not clearly show that Plaintiff failed to cooperate as required by the Policy. "Generally, the question of whether the insured has violated his insurance policy by failing to cooperate with the

---

[4] Indeed, despite the Court having specifically instructed the parties to address the effect of this statute in any summary judgment briefing during the conference held on April 25, 2023, State Farm elected instead not to acknowledge its existence. The parties are cautioned that the Court's directions are not idly tendered, and counsel ignore such directions at their peril.

insurer is a question of fact." *6 W. Apartments, LLC v. Ohio Cas. Ins. Co.*, No. 1:20-CV-02243-RBJ, 2021 WL 4949154, at *9 (D. Colo. Oct. 25, 2021) (quoting *Farmers Automobile Inter-Insurance Exchange v. Konugres*, 202 P.2d 959 (Colo. 1949)). This case does not present an exception to that general rule. Disputed issues of material fact remain, for example, as to whether and when Plaintiff provided State Farm with certain information concerning his medical providers and treatment, and the extent to which State Farm's investigation and evaluation of the claim was hampered by Plaintiff's actions.[5] It is not for the Court to decide at this stage the credibility of witnesses or the weight to give each piece of evidence. The jury is best positioned to make such determinations. *See 6 W. Apartments*, 2021 WL 4949154, at *9. Based on the facts presented here, the Court would be hard pressed to find that "the record can produce no other result" than a finding of a failure to cooperate. *Hansen v. Barmore*, 779 P.2d 1360, 1364 (Colo. App. 1989). Accordingly, summary judgment is not proper on Plaintiff's breach of contract claim.[6]

### B. Common Law Bad Faith

State Farm argues that Plaintiff has failed to offer any admissible evidence to support his claim for common law bad faith. To succeed on a common law claim for bad-faith denial of an insurance claim, the plaintiff must demonstrate that (1) the insurer's conduct was unreasonable and (2) the insurer knew or recklessly disregarded the fact

---

[5] The existence of such factual disputes thus readily distinguishes this case from the recent decisions issued by Judge Sweeney in *Aponte v. Allstate Fire & Cas. Ins. Co.*, No. 21-CV-01601-CNS-SKC, 2023 WL 129693 (D. Colo. Jan. 9, 2023) and *Nofsinger v. Allstate Fire & Cas. Ins. Co.*, No. 20-CV-01631-CNS-STV, 2022 WL 4536232 (D. Colo. Sept. 28, 2022)—and State Farm's single, cursory citation to these decisions is unavailing.

[6] The outcome is the same whether the policy's cooperation provision is interpreted as a condition precedent or a promise to perform. Regardless of how the policy language is construed here, reasonable jurors could disagree as to whether Plaintiff failed to cooperate as required by his policy.

that its conduct was unreasonable. *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1272 (Colo.1985).

In this case, the record does not indisputably show, as State Farm argues, that its conduct was reasonable under the circumstances. Genuine issues of material fact remain regarding what documentation State Farm did or did not request, what records Plaintiff did or did not provide (and when), and the reasonableness of each parties' actions following Plaintiff's attempted transmission of documents via Google Dropbox and State Farm's repeated inquiries regarding Plaintiff's claim. Under these circumstances, summary judgment is not appropriate.

### C. Statutory Bad Faith

Finally, State Farm seeks summary judgment to the extent that Plaintiff has alleged a claim for statutory bad faith. Here, too, disputed issues of material fact preclude granting summary judgment.

Pursuant to Colo. Rev. Stat. § 10-3-1115, an insurer may not "unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." An insurer's delay is unreasonable "if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." *Id*. By their nature, insurance bad faith claims present questions of fact unsuitable for resolution on summary judgment except in limited circumstances. Therefore, whether an insurer's conduct was reasonable under the circumstances is ordinarily a question of fact for the jury. *Thompson v. State Farm Mut. Auto. Ins. Co.*, 457 F. Supp. 3d 998, 1003 (D. Colo. 2020). This case does not present an exception to that rule.

"What constitutes reasonableness under the circumstances is ordinarily a question of fact for the jury," *Zolman v. Pinnacol Assur.*, 261 P.3d 490, 497 (Colo. App. 2011). This case is no exception. Plaintiff has offered evidence that he provided medical information as early as September 5, 2019, but that as of September 11, 2021, State Farm still had not paid his UIM claim. State Farm maintains that that medical releases and information provided by Plaintiff were incomplete, and Plaintiff's failure to provide critical information concerning his medical providers and treatment prevented State Farm from completing an investigation and evaluation of his claim prior to the filing of this lawsuit.

Ultimately, viewing the facts in the light most favorable to Plaintiff, the Court finds that genuine issues of material fact exist concerning whether Plaintiff timely provided requested medical information and whether State Farm had sufficient notice that the documents were allegedly sent. Based on the record, it is for a jury to decide whether State Farm acted reasonably under the circumstances. Accordingly, summary judgment is not warranted.

### D.  CONCLUSION

For the reasons set forth herein, Defendant's Motion for Summary Judgment, ECF 44, is DENIED.

DATED: October 23, 2023

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge